IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RAHEEM WAY,

    Petitioner,

v.                                      No. 23-cv-00229-JB-LF

ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO,

    Respondent.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Petitioner Raheem Way's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody, filed March 16, 2023. (Doc. 1) (the "Petition"). Way challenges a 2019 state court order revoking his probation. Having reviewed the matter under Habeas Corpus Rule 4, it appears that the one-year statute of limitations expired in November 2020. The Court will therefore require Way to show cause why his Petition should not be dismissed for failure to file within the one-year limitation period.

**I. Procedural Background**[1]

In 2018, Way pled guilty to criminal sexual penetration with a deadly weapon and four related charges. *See* case no. D-202-CR-2017-01935, Plea and Disposition Agreement (5/8/2018). As part of the plea agreement, the State agreed to a conditional discharge contingent upon Way complying with the terms of his probation. *Id.* at 2. The state court entered an Order of Conditional

---

[1] To better interpret the citations in the Petition, the Court took judicial notice of Way's state court criminal dockets, Case No. D-202-CR-2017-01935 and S-1-SC-39523. *See United States v. Smalls*, 605 F.3d 765, 768 n. 2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court).

Discharge on May 10, 2018, which, among other things, deferred the proceedings for five years without an adjudication of guilt subject to enumerated special conditions of supervised probation. *See* Case No. D-202-CR-2017-01935, Order of Conditional Discharge (5/10/2018). In June 2019 based on a history of probation delinquency reported by Way's probation officer, the state moved to revoke his probation. *See* Case No. D-202-CR-2017-01935, Third Motion to Revoke (7/12/2019). After a hearing on July 25, 2019, the state court entered an Order Revoking Probation, revoking Way's deferred sentence and sentencing him to 2,333 days (approximately 6.4 years) in prison. *See* Case No. D-202-CR-2017-01935, Order Revoking Probation (7/25/2019) (the "Revocation Order").

Way did not file a direct appeal from the Revocation Order, which therefore became final no later than August 26, 2019 (*i.e.,* the first business day following expiration of the 30-day appeal period). *See Locke v. Saffle*, 237 F.3d 1269, 1271-1273 (10th Cir. 2001) (For purposes of § 2254, the conviction becomes final upon the expiration of the appeal period); NMRA, Rule 12-201 (providing that a notice of appeal must be filed within 30 days after entry of the adverse order); *State v. Leon*, 292 P.3d 493, 497 (N.M. Ct. App. 2012) (recognizing that a criminal defendant may appeal an order revoking his probation within thirty days of the entry of the revocation order); *Klein v. Franklin*, 437 F. App'x 681, 684 (10th Cir. 2011) (holding the statute of limitations began to run after the state court's order revoking the petitioner's suspended sentence became final).

Thereafter, 267 days passed with no activity tolling the one-year statute of limitations period applicable to a § 2254 habeas petition. *See* 28 U.S.C. § 2244(d)(1)(A); Docket Sheet Case No. D-202-CR-2017-01935.

On May 20, 2020, with 98 days remaining in the limitations period, Way filed a state habeas petition. *See* Case No. D-202-CR-2017-01935, Pro Se Petition for Writ of Habeas Corpus

(5/20/2020). The state court denied the petition on June 30, 2020. *See* Case No. D-202-CR-2017-01935, Order Writ of Habeas Corpus (6/30/2020). Way did not file a petition for a writ of certiorari in the New Mexico Supreme Court seeking review of the state court's order.[2] Accordingly, the clock resumed on July 31, 2020, the first business day after the appeal period expired. The one-year limitations period expired 98 days later, on November 6, 2020.

On March 16, 2023, Way filed the federal § 2254 Petition presently before the Court. He argues, *inter alia*, that he was deprived of due process in the revocation hearing. Way paid the $5 habeas filing fee, and the matter is ready for initial review.

## II.   Timeliness of the § 2254 Petition

Petitions for a writ of habeas corpus by a person in state custody must generally be filed within one year after the defendant's conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). The one-year limitation period can be extended:

(1)   While a state habeas petition is pending, § 2244(d)(2);

(2)   Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3)   Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4)   Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(D).

---

2 The state court dockets show that Way sought a petition for a writ of certiorari in Case no. S-1-SC-39523 after the state court denied a second state habeas petition, filed originally on December 27, 2021, and denied on March 8, 2022. *See* Case no. D-101-CR-2012-00119, Petition (12/27/2021) Order (3/8/2022).

Additionally, equitable tolling may available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his [or her] control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

In this case, the limitation period began to run no later than August 26, 2019, when the Revocation Order became final. *See Locke*, 237 F.3d at 1271-1273. There was no discernable tolling for the next 267 days.

On May 20, 2020, with 98 days remaining in the limitations period, Way filed a state habeas petition, which stopped the clock until the state court denied the petition on June 30, 2020. *See* Case No. D-202-CR-2017-01935, Order Writ of Habeas Corpus (6/30/2020). Way did not file a petition for a writ of certiorari in the New Mexico Supreme Court seeking review of the state court's order denying his habeas petition.[3] Accordingly, the clock resumed on July 31, 2020, the first business day after the appeal period expired. The one-year limitations period expired 98 days later, on November 6, 2020.

Any state habeas petitions filed after that date, including the second state habeas petition filed on December 27, 2021, did not restart the clock, or otherwise impact the expired limitations period. *See Fisher v. Gibson,* 262 F.3d 1135, 1142-1143 (10th Cir. 2001). Accordingly, Way must show cause why the Petition filed March 16, 2023, is not time-barred. The failure to timely respond or overcome the time-bar will result in dismissal of the habeas action without further notice. *See United States v. Mitchell*, 518 F.3d 740, 746 (10th Cir. 2008) ("AEDPA's time bar … may be raised by a court *sua sponte*… [H]abeas proceedings are different from ordinary civil

---

3 The state court dockets show that Way sought a petition for a writ of certiorari in Case no. S-1-SC-39523 after the state court denied a second state habeas petition, filed originally on December 27, 2021, and denied on March 8, 2022. *See* Case no. D-101-CR-2012-00119, Petition (12/27/2021) Order (3/8/2022).

litigation and, as a result, our usual presumptions about the adversarial process may be set aside.")

**IT IS ORDERED** that within thirty (30) days of entry of this Order, Way must file a response showing cause, if any, why his § 2254 habeas petition should not be dismissed as untimely.

_____
UNITED STATES MAGISTRATE JUDGE