IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RAHEEM WAY,

    Petitioner,

v.　　　　　　　　　　　　　　　　　　　　　　　　　No. 1:23-cv-229 SMD/LF

ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO,

    Respondent.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner Raheem Way's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254 (Doc. 1) ("Petition"). Way challenges a 2019 state court order revoking his probation. The Court previously directed Way to show cause why his § 2254 Petition should not be dismissed for failure to file within the one-year statute of limitations period. Because Way does not demonstrate grounds for tolling, the Court will dismiss the Petition with prejudice.

## BACKGROUND

In 2018, Way pled guilty to criminal sexual penetration with a deadly weapon and four related charges. *See* Plea and Disposition Agreement in Case No. D-202-CR-2017-01935 (May 8, 2018).[1] As part of the plea agreement, the state agreed to a conditional discharge contingent upon Way complying with the terms of his probation. *Id.* at 2. The state court entered an Order

---

[1] To better interpret the citations in the Petition, the Court took judicial notice of Way's state court criminal dockets, Case Nos. D-202-CR-2017-01935 and S-1-SC-39523. *See United States v. Smalls*, 605 F.3d 765, 768 n.2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court).

of Conditional Discharge on May 10, 2018, which, among other things, deferred the proceedings for five years without an adjudication of guilt subject to enumerated special conditions of supervised probation. *See* Order of Conditional Discharge in Case No. D-202-CR-2017-01935 (May 10, 2018). In June 2019, based on a history of probation delinquency reported by Way's probation officer, the state moved to revoke his probation. *See* Third Motion to Revoke in Case No. D-202-CR-2017-01935 (July 12, 2019). After a hearing on July 25, 2019, the state court entered an Order Revoking Probation, revoked Way's deferred sentence, and sentenced him to 2,333 days (approximately 6.4 years) in prison. *See* Order Revoking Probation in Case No. D-202-CR-2017-01935 (July 25, 2019) (the "Revocation Order").

Way did not file a direct appeal of the Revocation Order, which therefore became final no later than August 26, 2019 (*i.e.*, the first business day following expiration of the 30-day appeal period). *See Locke v. Saffle*, 237 F.3d 1269, 1271-1273 (10th Cir. 2001) (explaining that for purposes of § 2254, the conviction becomes final upon expiration of the appeal period); NMRA, Rule 12-201 (providing that a notice of appeal must be filed within 30 days after entry of the adverse order); *State v. Leon*, 292 P.3d 493, 497 (N.M. Ct. App. 2012) (recognizing that a criminal defendant may appeal an order revoking his probation within thirty days of the entry of the revocation order); *Klein v. Franklin*, 437 F. App'x 681, 684 (10th Cir. 2011) (holding the statute of limitations began to run after the state court's order revoking the petitioner's suspended sentence became final).

Thereafter, 267 days passed with no activity tolling the one-year statute of limitations period applicable to a § 2254 habeas petition. *See* 28 U.S.C. § 2244(d)(1)(A); Docket Sheet in Case No. D-202-CR-2017-01935.

On May 20, 2020, with 98 days remaining in the limitations period, Way filed a state habeas petition. *See* Pro Se Petition for Writ of Habeas Corpus in Case No. D-202-CR-2017-01935 (May 20, 2020). The state court denied the petition on June 30, 2020. *See* Order Writ of Habeas Corpus in Case No. D-202-CR-2017-01935 (June 30, 2020). Way did not file a petition for a writ of certiorari in the New Mexico Supreme Court seeking review of the state court's order.[2] Accordingly, the clock resumed on July 31, 2020, the first business day after the appeal period expired. The one-year limitations period expired 98 days later, on November 6, 2020.

On March 16, 2023, Way filed the federal § 2254 Petition presently before the Court. He argues, *inter alia*, that he was deprived of due process in the revocation hearing. *See* (Doc. 1) at 5. Way paid the $5 habeas filing fee on August 1, 2023. By an Order entered March 22, 2024, the Court screened the Petition under Habeas Corpus Rule 4 and determined that, absent grounds for tolling, the habeas one-year limitations period had expired on November 6, 2020 and the § 2254 Petition was untimely. (Doc. 6). The Court explained that Way's second state habeas petition, filed on December 27, 2021, did not restart the clock or otherwise impact the expired limitations period. *See Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001). Accordingly, the Court ordered Way to show cause why the § 2254 Petition should not be dismissed as untimely. (Doc. 6) at 5. Way timely filed his response to the Show Cause Order, titled "Writ of Extr[a]ordinary Circumstance for Equitable Tolling Time." (Doc. 9) ("Response").

---

[2] The state court docket shows that Way filed a second state habeas petition on December 27, 2021, and sought a petition for a writ of certiorari with the New Mexico Supreme Court after the second state habeas petition was denied on March 8, 2022. *See* Case No. D-202-CR-2017-01935, Petition (December 27, 2021), Order (March 8, 2022).

## **DISCUSSION**

Petitions for a writ of habeas corpus by a person in state custody must generally be filed within one year after the criminal judgment becomes final. 28 U.S.C. § 2244(d)(1)(A). The one-year limitations period can be extended:

(1) While a state habeas petition is pending, § 2244(d)(2);

(2) Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3) Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4) Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(D).

Because the limitations period is not jurisdictional, it can also be extended through equitable tolling. *See Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

As noted above, the Revocation Order became final and the one-year statute of limitations began to run on August 26, 2019, when the appeal period expired. *See Locke*, 237 F.3d at 1271-1273 (holding that, for purposes of § 2254, the conviction becomes final upon the expiration of the appeal period); NMRA, Rule 12-201 (providing that a notice of appeal must be filed within 30 days after entry of the adverse order); *Leon*, 292 P.3d at 497 (recognizing that a criminal defendant may appeal an order revoking his probation within thirty days of the entry of the revocation order); *Klein*, 437 F. App'x at 684 (holding the statute of limitations began to run after the state court's order revoking the petitioner's suspended sentence became final). Thereafter, 267 days elapsed before Way filed his first state habeas petition on May 20, 2020, which stopped the clock pursuant to 28 U.S.C. § 2244(d)(2). The state court denied the petition on June 30,

2020.  *See* Order on Writ of Habeas Corpus in Case No. D-202-CR-2017-01935, (June 30, 2020). Accordingly, the state habeas proceeding remaining pending until July 30, 2020, when the thirty-day appeal period expired in connection with the order denying the state habeas petition. *See Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000) (explaining that a state habeas proceeding remains "pending," and the habeas limitations period is tolled, through the expiration of the state appeal period); NMRA, Rule 12-501 (stating that a writ of certiorari must be filed within 30 days after the state district court's denial of a habeas petition).  "The next day,"—July 31, 2020—"statutory tolling ceased," and the remaining "time for filing a federal habeas petition [98 days][3] resumed." *Trimble v. Hansen*, 764 F. App'x 721, 724 (10th Cir. 2019) (addressing complex tolling calculations in habeas proceedings).  The state court docket reflects no discernable tolling activity during the next 98 days. *See State of New Mexico v. Way*, Case No. D-202-CR-2017-01935, Docket Sheet.  Way's second state habeas petition, filed on December 27, 2021, did not restart the clock or otherwise impact the expired limitations period. *See Fisher*, 262 F.3d at 1142-43.  Accordingly, absent equitable tolling, the one-year limitations period expired on November 6, 2020, and any § 2254 claims filed after that date are time-barred.

The Court explained the above principles in its Order to Show Cause.  (Doc. 6).  In his Response to the Order to Show Cause, Way does not contest the above timeline of state court filings.  (Doc. 9) at 1-2.  The Court discerns that the Response, construed liberally, seeks tolling because: (i) the Covid-19 pandemic limited Way's access to a law library, legal assistance, or other legal resources; (ii) Way was transferred to different facilities where he lost most of his legal

---

[3] The Court arrived at this figure by subtracting the number of days in the one-year limitations period that initially elapsed (267) from the one-year period (*i.e.*, 365 days in a year – 267 days = 98 remaining days).

documents needed to support his claims; and (iii) there is no physical law library, legal assistant, or access to legal resources at the facility where Way is now housed.  *See id.* at 1-2.

The one-year statute of limitations on filing a writ of habeas corpus may be tolled either through statutory or equitable tolling.  *See* 28 U.S.C. § 2244; *Holland v. Florida*, 560 U.S. at 651-52 (holding that 28 U.S.C. § 2244 "is subject to equitable tolling in appropriate cases.").  Statutory tolling occurs: (i) while a state habeas petition is pending, (ii) where unconstitutional state action has impeded the filing of federal habeas petition, (iii) where the Supreme Court has recognized a new constitutional right that affects the petitioner's claim, or (iv) where the factual basis for the petitioner's claims could not have been discovered until after the limitations period had expired.  *See* 28 U.S.C. § 2244(d)(1)-(2).  By contrast, equitable tolling provides more generalized relief; a petitioner is entitled to equitable tolling if the petitioner shows that he has been pursuing his rights diligently and that some extraordinary circumstances stood in his way.  *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.").

### A.  WAY HAS NOT ESTABLISHED GROUNDS FOR EQUITABLE TOLLING

The majority of Way's show-cause arguments implicate equitable tolling based on his lack of reliable access to prison libraries, legal materials, and legal resources.  (Doc. 9) at 1-2.  Way argues his lack of access resulted from: (i) the Covid-19 pandemic; (ii) transfers to different facilities; and (iii) lack of physical law library, legal assistant, or legal resources at the facility where he is now housed.  *Id.*  As noted above, equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control."  *Marsh v. Soares*, 223 F.3d at 1220.  "[A]n

inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008). Beyond the burden of showing that the circumstances were extraordinary, the petitioner must also provide "specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal" petition. *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling is "'a rare remedy to be applied in unusual circumstances.'" *Al-Yousif v. Trani*, 779 F.3d 1173, 1179 (10th Cir. 2015) (quoting *Yang*, 525 F.3d at 929).

Way's Response to the Order to Show Cause does not satisfy this standard. The Tenth Circuit has not granted equitable tolling for cases of alleged inadequate law library facilities, resources, or staff. *See Miller*, 141 F.3d at 978 (refusing to toll the statute of limitations period where the petitioner argued the facility had neither materials for review that would allow the petitioner to file an informed habeas petition, nor a process to request those materials); *Marsh v. Soares*, 223 F.3d at 1220 (holding that library staff's incompetence was not sufficient to warrant equitable tolling). The Tenth Circuit has also not granted equitable tolling in cases where petitioners were limited in the time they could spend in the library. *See Levering v. Dowling*, 721 F. App'x 783, 788 (10th Cir. 2018) (stating that limited time in the law library and lack of access to trial transcripts is not an extraordinary circumstance justifying equitable tolling); *Weibley v. Kaiser*, 50 F. App'x 399, 403 (10th Cir. 2002) (holding "allegations regarding insufficient library access, standing alone, do not warrant equitable tolling").

Way also seeks equitable tolling due to him "being transferred to different facilities, where he lost most of his legal documents needed to support his claims." (Doc. 9) at 1. This allegation is conclusory and fails to describe what materials Way lost or why he needed them to timely file his § 2254 Petition. Moreover, the individual hardships Way describes are not extraordinary for

state prison. The Tenth Circuit has held that "any invocation of equity to relieve the strict application of [the habeas] statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Trimble*, 764 F. App'x at 724. This rule is particularly applicable where the petitioner was, like Way, able to file a state habeas petition despite the law library restrictions. *See Trujillo v. Santistevan*, 828 F. App'x 510, 511 (10th Cir. 2020) (rejecting argument that "restrictions on law-library access slowed [the petitioner's] ability to prepare a state habeas petition," and noting that "[d]espite these restrictions, [the petitioner] was able to file the state habeas petition[, s]o the restrictions in law-library access thus didn't trigger equitable tolling"). Way filed two state habeas petitions—his first on May 20, 2020, and his second on December 27, 2021. Accordingly, although lack of access to legal resources and materials are disruptive to preparing a petition, Way does meet the high standard of "extraordinary circumstances" that entitle a petitioner to equitable tolling. *See Pena-Gonzales v. State*, 2022 WL 214747, at *1 (10th Cir. Jan. 25, 2022) (finding no equitable tolling where petitioner alleged "lockdowns caused by Covid-19, riots, and prison killings prevented him from accessing the prison law library"); *cf. Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990) (explaining that federal courts extend equitable relief sparingly, typically in cases where one has been "induced or tricked by their adversary's misconduct" into allowing a deadline to pass).

Way also does not establish equitable tolling because he does not provide specific facts regarding the steps he took to diligently pursue his federal claims. *See Miller*, 141 F.3d at 978 (to apply the equitable tolling doctrine, a petitioner must provide "specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims"). Way does not state what legal materials he needed or why he could not file his § 2254 Petition without those materials.

Moreover, he does not state what steps he took to pursue his habeas claims. Consequently, he has not met his "strong burden" to show specific facts to support extraordinary circumstances and due diligence. *See Yang*, 525 F.3d at 928 (a petitioner must show specific facts to both support his claims and demonstrate diligent pursuit of his petition).

### B. WAY HAS NOT ESTABLISHED GROUNDS FOR STATUTORY TOLLING

Statutory tolling occurs: (i) while a state habeas petition is pending; (ii) where unconstitutional state action has impeded the filing of federal habeas petition; (iii) where the Supreme Court has recognized a new constitutional right that affects the petitioner's claim; or (iv) where the factual basis for the petitioner's claims could not have been discovered until after the limitations period had expired. *See* 28 U.S.C. § 2244(d)(1)-(2). The Court does not see a new constitutional right that the Supreme Court has identified that affects Way's claims, nor does Way identify new facts that have come to light regarding his conviction. (Doc. 9) at 1-2. The Court's analysis will therefore hinge on whether Way's state habeas petitions were tolled appropriately and whether unconstitutional state action impeded Way's ability to file a federal habeas petition. *See* 28 U.S.C. § 2244(d)(1). The Court concludes that statutory tolling does not apply because: (i) there is no pending state habeas petition; and (ii) the State of New Mexico did not prevent Way from filing a federal habeas petition. *See* 28 U.S.C. § 2244(d)(1).

As stated above, the Revocation Order became final on August 26, 2019. Way filed his first state habeas petition 267 days later, on May 20, 2020. *See* Habeas Corpus Petition in Case No. D-202-CR-2017-01935 (filed May 20, 2020). This habeas petition stopped the clock pursuant to 28 U.S.C. § 2244(d)(2) until July 31, 2020, when the petition had been denied and the appeals period had closed. *See Locke*, 237 F.3d at 1271-73. The clock restarted on that date, and Way had 98 days in which to file a federal habeas petition. (Doc. 6) at 2-4. Way did not file any

additional actions until December 27, 2021, a full 515 days later. *See State of New Mexico v. Way*, Case No. D-202-CR-2017-01935, Docket Sheet. The time for Way to file a federal habeas petition, therefore, expired on November 6, 2020.

The Tenth Circuit has held that state habeas proceedings or other tolling motions filed after the expiration of the one-year period cannot restart the clock or otherwise impact the expired limitations period. *See Gunderson v. Abbott*, 172 F. App'x 806, 809 (10th Cir. 2006) ("A state court [habeas] filing submitted after the … [one-year] deadline does not toll the limitations period."); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (holding that a state postconviction motion alleging ineffective assistance of counsel tolls, but does not restart, the one-year statute of limitations); *Fisher*, 262 F.3d at 1142-43 ("[P]etitions cannot be tolled for time spent in state post-conviction proceedings because [petitioner's state] applications for post-conviction relief were not filed until after … the end of the limitations period."); *see also Smith v. McGinnis*, 208 F.3d 13, 17 (2nd Cir. 2000) (holding that the statute of limitations period is not reset when a state petition is denied); *Rashid v. Khulman*, 991 F. Supp 254, 259 (S.D.N.Y. 1998) ("The tolling provision does not, however, 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.").

The Supreme Court has created one exception to this rule. In *Jimenez v. Quarterman*, 555 U.S. 113, 120-21 (2009), the Supreme Court held that a state habeas order granting an out-of-time appeal can "reset AEDPA's 1-year limitations period," since it effectively "restore[s] the pendency of the direct appeal." The *Jimenez v. Quarterman* exception is inapplicable here because Way's direct appeal period was never reopened. Therefore, the state court order denying Way's second

state habeas petition on March 8, 2022 has no bearing on the timeliness of Way's § 2254 claims. *See* Order in S-1-SC-39523 (filed March 8, 2022).

Way may also seek statutory tolling based on lack of access to a law library and legal materials on the theory that those circumstances were a state-created impediment to filing a federal habeas petition. *See* 28 U.S.C. § 2244(d)(1)(B); *Aragon v. Williams*, 819 F. App'x 610, 613 (10th Cir. 2020). Here, however, the lack of library access and legal resources that Way experienced were not a state-created impediment to filing, because, although inconvenient, they did not make it impossible for Way to file a federal habeas petition. Section 2244(d)(1)(B) requires a state prisoner to file his federal habeas petition within one year of "the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B); *see Corson v. Colorado*, 722 F. App'x 831, 834 (10th Cir. 2018) (noting that § 2244(d)(1)(B) "'relates to an impediment that prevents the filing of a federal court action'") (quoting *Campbell v. Milyard*, 2009 WL 1916273, at *4 (D. Colo. June 30, 2009)). To take advantage of § 2244(d)(1)(B), a petitioner must "allege specific facts that demonstrate how [the state action] … impeded his ability to file a federal habeas petition." *Weibley*, 50 F. App'x at 403. For example, the petitioner must show that the state action prevented the petitioner from filing a federal petition, rather than just discouraging the petitioner from filing the petition. *See, e.g., Thody*, 460 F. App'x 776, 780-81 (10th Cir. 2012) (rejecting statutory tolling argument where the petitioner was not prevented from filing a habeas petition, although he thought it would be useless because of a detainer). Statutory tolling under § 2244(d)(1)(B) can apply "when the State thwarts a prisoner's access to the courts … by denying an inmate access to his legal materials or a law library." *Aragon v. Williams*, 819 F. App'x at 613. The lack of access, however, "must have

actually prevented the inmate from filing his application." *Id.* (declining to apply tolling, and noting that the "fact that Petitioner did not inquire into the nature of his sentences or conduct legal research until [after the one-year period] is not attributable to the state").

Here, while Way contends that he did not have adequate access to a law library, legal staff, or legal resources, this lack of access did not prevent him from filing two state habeas petitions. *See Lewis v. Casey*, 518 U.S. 343, 355 (1996) ("[T]he tools [that an adequate prison library …] requires to be provided are those that the inmates need to attack their sentences, directly or collaterally, and to challenge the conditions of their confinement."). The Court, therefore, concludes that Way's lack of library access and access to legal resources did not statutorily toll the statute of limitations. The fact that Way was able to file state habeas petitions despite the lack of library access demonstrates that the lack of access did not "actually prevent" him from filing a federal petition. *See Aragon*, 819 F. App'x at 613; *see also Garcia v. Hatch*, 343 Fed. App'x 316, 318-19 (10th Cir. 2009) ("While the quality of [the § 2254] petition might have been improved with greater legal assistance," the petitioner failed to show he was actually "incapable of filing a timely habeas petition given the resources available.").

For these reasons, the Court finds that Way's Response to the Show Cause Order does not establish grounds for equitable or statutory tolling. The one-year limitations period expired November 6, 2020, and the March 16, 2023 § 2254 Petition is time-barred.

### C. ACTUAL INNOCENCE

"[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar [or] ... expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). "Actual innocence" in this context refers to factual innocence and not mere legal sufficiency. *Bousley v. U.S.*, 523 U.S. 614, 623-624 (1998).

To take advantage of the "actual innocence" exception, a habeas petitioner must "present[] evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error … ." *Schlup v. Delo*, 513 U.S. 298, 316 (1995). The petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* at 324. This new evidence must be sufficient to "show that it is more likely than not that no reasonable juror would have convicted [the petitioner] in light of the new evidence." *Id.* at 327; *see also House v. Bell,* 547 U.S. 518, 536-37 (2006) (discussing the showing necessary under the "actual innocence" exception). "Simply maintaining one's innocence" and "casting doubt on witness credibility" do not establish actual innocence. *Frost v. Pryor*, 749 F.3d 1212, 1232 (10th Cir. 2014).

Way states that he "recently received" documents from the Bernalillo County Sheriff's Department, which were "needed to prove he was not aware of the charges against him and did not have police contact, where he would be required to contact his probation officer, for in which was claimed in court against him." (Doc. 9) at 1. To the extent Way intends to raise an actual innocence claim, Way does not describe evidence of such a quality and nature that it supports a conclusion that the judge would not have entered the Revocation Order. *See Schlup*, 513 U.S. at 322, 324 (contemplating evidence on par with the reliability of scientific, physical, or trustworthy eyewitness accounts). Moreover, Way does not assert that any of this information is new. Accordingly, Way's actual innocence claim is not supported by "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Sandoval*, 447 F. App'x at 4; *see also Frost*, 749 F.3d

at 1232 (evidence that bears on credibility does not establish actual innocence). Accordingly, the actual innocence exception does not overcome the time bar in this case.

In sum, the Court concludes that Way's Response to the Order to Show Cause does not establish grounds for tolling. The one-year limitations period expired on November 6, 2020, and the federal habeas proceeding filed on March 16, 2023 is time-barred. The Court must dismiss the Petition (Doc. 1) with prejudice. The Court will also deny a certificate of appealability under Habeas Corpus Rule 11, as the time-bar is not reasonably debatable in this case. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability can only issue where "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong").

**IT IS THEREFORE ORDERED** that Petitioner Raheem Way's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254, filed March 16, 2023 (**Doc. 1**) is **DISMISSED with prejudice** as time-barred; a certificate of appealability is **DENIED**; and a separate judgment will be entered closing the civil case.

_____
UNITED STATES DISTRICT JUDGE